JUDGE SWEET

07 CIV 8818

Haluk Savci, Esq.
Mason Tender District Council of
Greater NY
520 8th Avenue, Suite 650
New York, N.Y. 10018
(212) 452-9407

Attorney for Plaintiffs

RECEIVED
OCT 12 2007
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

TRUSTEES FOR THE MASON TENDERS                  :
DISTRICT COUNCIL WELFARE FUND,                   :
PENSION FUND, ANNUITY FUND, and                  :
TRAINING PROGRAM FUND                            :
                                                 :
                                                 :
            and                                  :
                                                 :
ROBERT BONANZA, as Business Manager              :
of the MASON TENDERS DISTRICT COUNCIL  :
OF GREATER NEW YORK,                             :
                                                 :
                Plaintiffs,                      :
                                                 :
            -against-                            :
                                                 :
EDGE DEVELOPMENT CONSTRUCTION INC.  :
and J.A. "DREW" DIAZ,                            :
                                                 :
                Defendants.                      :
-------------------------------------------------------------x

**Complaint**
Civil Action
No. –

ECF CASE

The TRUSTEES OF THE MASON TENDERS DISTRICT COUNCIL WELFARE

FUND, PENSION FUND, ANNUITY FUND and TRAINING PROGRAM FUND (hereinafter

"the MTDC Fringe Benefit Funds" or "the Funds"), with their principal place of business at 520

Eight Avenue, Suite 600, New York, New York 10018, and ROBERT BONANZA, as Business

Manager of the MASON TENDERS DISTRICT COUNCIL OF GREATER NEW YORK

(hereinafter referred to as the "Union" or "the MTDC") with their principal place of business at

520 Eight Avenue, Suite 650, New York, New York 10018, by and through their undersigned counsel, for their complaint against EDGE DEVELOPMENT CONSTRUCTION INC. ("Edge" or the "company"), with its principal place of business at 271 Madison Ave, New York, New York 10016, and J.A. "Drew" Diaz ("Diaz") allege as follows:

## INTRODUCTION

1.    This is an action to confirm an arbitration award issued pursuant to arbitration procedures adopted by the trustees of employee fringe benefit funds regarding the collection of contributions from delinquent participating employers. The action is brought pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C § 185, Sections 502 and 515 of ERISA, 29 U.S.C. §§ 185, Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 9 of the Federal Arbitration Act (the "Arbitration Act"), 9 U.S.C. § 9, for monetary and injunctive relief. This action arises from the failure of the defendant, Edge, to comply with an arbitration award and failure to make contributions to the MTDC Fringe Benefit Funds as required by ERISA, the applicable collective bargaining agreement ("CBA") between Edge and the Union, the Amended and Restated Agreements and Declarations of Trust governing the Plans, and the Arbitration Procedures thereto.

## JURISDICTION AND VENUE

2.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, Section 301 of the LMRA, 29 U.S.C. § 185, Sections 502(a)(3), (e)(1) and (f) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (e)(1) and (f) and 1145; and Section 9 of the Arbitration Act, 9 U.S.C. § 9.

3.    Venue lies in this district pursuant to Section 301 of the LMRA, 29 U.S.C. §185 and Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) because the Company transacts business in this judicial district and because the plaintiffs maintain their office in this judicial district. Venue

2

also lies in this judicial district under 28 U.S.C. §1391(b) because a substantial part of the events

giving rise to this action occurred in this judicial district, including the arbitration hearing.

## STATEMENT OF FACTS

The Parties

4.      Plaintiffs are the Trustees of the Mason Tenders District Council Welfare, Annuity,

Pension and Training Program Funds.  These Funds are "employee benefit plan[s]" as defined in

Section 3(3) of ERISA, 29 U.S.C. §1002(3) and "multiemployer plan[s]" within the meaning of

Section 3 (37)(A) of ERISA, 29 U.S.C. §§ 1002(37)(A). Each Fund is established and

maintained pursuant to an Amended and Restated Agreement and Declaration of Trust (the

"Benefit Plan Trust Agreement" and the "Pension Fund Trust Agreement", collectively, the

"Trust Agreements").  The Plans are each jointly administered by a Board of Trustees made up

of union and employer representatives pursuant to the requirements of Section 302(c)(5) of the

Taft-Hartley Act, 29 U.S.C. §186(c)(5). The Funds are authorized to maintain suit as

independent legal entities under Section 502(d)(1) of ERISA (29 USC § 1132(d)(1)). The

purpose of the Funds, among other things, is to provide fringe benefit to eligible employees on

whose behalf employers contribute to the Funds pursuant to collective bargaining agreements

between employers in the building and construction industry and the union.  The Funds maintain

their principal place of business at 520 8th Avenue, New York, NY 10018.  The union is a labor

organization within the meaning of Section 301 of the Taft-Hartley Act (29 USC § 185) which

represents employers in an industry affecting commerce as defined in Section 501 of the Taft-

Hartley Act (29 USC § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)).  The union

maintains its principal place of business at 520 8th Avenue, Suite 650, New York, NY 10018.

3

5.      Plaintiff Robert Bonanza is the Business Manager of the union and brings this action for dues and contributions in his representative capacity pursuant to Section 12 of the General Associations Law of the State of New York.

6.      Upon information and belief, Edge is, and at all times relevant to this action has been, a corporation organized and existing under the laws of the State of New York.  It maintains its principal place of business at 271 Madison Ave, New York, New York 10016. Previously, during the period relevant to this action, it maintained offices at 150 West 28th Street, New York, New York  At all times relevant to this action, Edge was an "employer" within the meaning of Section 101(2) of the LMRA, 29 U.S.C. §152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

7.      The CBA and the Trust Agreements are plan documents within the meaning of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §1132(a)(3) and 1145.

8.      The Funds are third-party beneficiaries of the collective bargaining agreements between Edge and the MTDC that require contributions to be made to the Plans.

9.      Upon information and belief, J.A. "Drew" Diaz is the principal officer of Edge Development Construction Inc. and has been an officer of the defendant corporation, and has been acting in its interest. Defendant Diaz executed on behalf of the corporation and individually the Agreement with the Union, wherein *inter alia*, said defendant became obligated to pay all obligations of the company and/or submit the required monetary contributions to the Funds and remit dues check-offs and PAC contributions deducted from the wages of paid employees who authorize said deductions in writing to the Union, according to the Agreement, for all work performed by Edge's employees within the trade and geographical jurisdictions of the Union. Based upon these facts, said defendant is an employer within the meaning of sections 3(5) and

515 of ERISA, 29 U.S.C. The CBA and the Trust Agreements are plan documents within the meaning of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§1002(5) and 1145, and Diaz is an employer affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. §185) and is party to the CBA. Diaz is sued in this action in his individual and official capacities.

THE COLLECTIVE BARGAINING AGREEMENT

10.    Edge is a party to a CBA with the Mason Tenders District Council effective from June 1, 1996 through June 30, 1999 which, according to its terms, renewed annually unless otherwise terminated.

11.    The CBA establishes the terms and conditions of employment for all bargaining unit employees at Edge.

12.    The CBA requires Edge to pay contributions to the Funds for all employees covered by the CBA at the rates set forth therein. In addition to contributions owed the Funds at the rate set forth therein, pursuant to the CBA, the Funds have been designated as the authorized collection agent for contributions due to the New York State Laborers Employer Cooperation and Education Trust Fund, New York Laborers Health and Safety Trust Fund and Greater New York Laborers – Employers Cooperation and Education Trust Fund. The Funds pursuant to the CBA are also designated as the authorized collection agent for the Mason Tenders District Council and Mason Tenders District Council Political Action Committee for dues and contributions respectively which are voluntarily authorized by employees on forms provided for that purpose by the Union.

13.    The CBA requires the contributions owed to the Plans to be paid weekly for all hours worked by employees covered under the agreement.

5

14.    The CBA permits the Trustees of the Plans to take any legal action for the purpose of collecting the delinquency form the employer.

15.    The CBA further provides that in the event legal action is taken, the Employer is responsible for:

      a.  unpaid contributions;

      b.  interest on unpaid contributions determined by using the rate prescribed under section 6621 of Tile 26 of the United States Code;

      c.  an amount equal to the aforesaid interest on the unpaid contributions as and for liquidated damages;

      d.  reasonable attorneys' fees and costs of the action;

      e.  such other legal or equitable relief as the court deems appropriate.

16.    The CBA further provides that the Employer agrees to and shall be bound by all terms and conditions of the Trust Agreements, regulations or By-Laws adopted by the Funds' Trustees and any amendments to Trust Fund Agreements.

THE TRUST AGREEMENTS

17.    Edge is an "Employer" as defined by the Trust Agreements.  Edge is bound to the terms and provisions of the Trust Agreements, the Company's contributions to the Plans, and acceptance of the Plans' coverage for its employees. The Trust Agreements require that participating employers, such as Edge, pay contributions monthly no later than the due dates set forth in the CBA and in all instances no later than the fifteenth (15th) day of the month following the month for which they are due as provided in the CBAs.

18.    The Trust Agreement further provides the Trustees have the power to demand, collect and receive Employer contributions and are authorized to take steps, including the institution of legal or administrative proceedings, to collect delinquent contributions including initiating arbitration proceedings against delinquent employers.

19.    In addition, pursuant to the Trust agreements, in any legal action for unpaid contributions commenced by the Trust Fund, the Employer shall pay to the Funds all unpaid contributions due and payable, interest on such unpaid contributions, interest on the unpaid contributions as and for liquidated damages and all attorney's fees and costs of the action.

20.    Under duly adopted amendments to the Trust Agreements for the Welfare, Pension, and Annuity Funds, if an Employer becomes delinquent in the payment of contributions to the Funds, the Trustees have the option of commencing proceeding to enforce the Employer's obligations through arbitration before one of a panel of three designated arbitrators.

## THE ARBITRATION AND AWARD

21.    On October 25, 2005, the Funds and MTDC forwarded Edge by certified mail a demand and intent for arbitration before Arbitrator Robert Herzog for delinquent fringe benefit contributions and other contributions owed for the period May 1, 2002 through February 16, 2005. Edge received the notice of demand on October 27, 2005. Arbitrator Herzog subsequently by certified letter dated November 1, 2005 gave notice to the Funds and Edge he would conduct a hearing on December 1, 2005.

22.    The hearing was duly conducted on December 1, 2005. Diaz attended the hearing on behalf of Edge consenting to the arbitration proceeding and the jurisdiction of the arbitrator. Diaz admitted that Edge owed the following amounts: $28,150.91 in principal fringe benefits; $1,685.95 in interest to date; $2,436.00 in union dues and PAC contributions and $7,131.56 in

audit costs. Edge and Diaz further agreed to make payment of the amount admitted owed and described above totaling $39,404.42. Pursuant to the consent of all parties, the Arbitrator issued a consent award in favor of the Funds for the total amount admitted by Diaz and agreed to hold the issuance of the award until February 5, 2006 or any agreed upon extension thereof to enable Edge to resolve the payment of the total delinquency that were admitted as owed. In the event, Edge defaulted on paying the total deficiency owed, the parties agreed that the Consent Award would issue finding Edge liable to the Funds for the following amounts: Principal Due at $28,150.91; Applicable Interest; Union Dues and Political Action Committee Contributions at $2,436.00; ERISA liquidated damages; audit costs at $7,131.56; legal costs and fees at $700.00; arbitration costs at $1,100.00 and interest at the rate of ten (10) percent accruing from the date of the award.

23.     Neither Edge nor Diaz made any payments toward the admitted delinquency owed the Funds. On October 14, 2006, Arbitrator Herzog issued a Consent Award in favor of the Plaintiffs awarding the Plaintiffs $28,150.91 in principal fringe benefits due; liquidated damages; $1,685.95 in statutory interest; $2,436.00 in dues and PAC contributions due; $7,131.56 in auditing costs; $700.00 in legal costs and $1,100.00 in arbitration costs, with interest to accrue at the rate of 10% per annum on the total amount from the date of the award.

24.     After receipt of the award on October 20, 2006, the Funds made several demands for payment to Edge. There was no response and to date no payments have been received by the Funds towards the award.

## FIRST CAUSE OF ACTION

Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 24 above, as though set forth in full herein.

25. Section 9 of the Federal Arbitration Act, 9 U.S.C. §9, provides, in relevant part, "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to arbitration…then at any time within one year after the award is made any party to the arbitration may apply to the court…for an order confirming the award."

26. Plaintiffs have demanded payment of the sums found to be due under the October 14, 2006 Award which was received by the Plaintiff on October 20, 2006 and defendant Edge Development and Construction, Inc. has not paid these amounts.

27. Plaintiffs now timely seek to confirm the Award and to render the Award a judgment because of the Defendant Edge Development and Construction, Inc.'s failure to make the payments directed by the Award. Defendant is liable to the Plaintiffs for unpaid contributions, interest, liquidated damages, attorneys fees and costs and the arbitrator's fees, plus interest on unpaid contributions at the rate of ten percent (10%) per annum on the total award amount from October 14, 2006 until the date payment is received.

## SECOND CAUSE OF ACTION

Plaintiffs repeat and re-allege the allegation set forth in paragraphs 1 through 27 above, as though set forth in full herein.

28. Section 515 of ERISA, 29 U.S.C. §1145, requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement…[to] make such contributions in accordance with the terms and conditions of such plan or such agreement".

9

29.    Section 502(g)(2) of ERISA, 29 U.S.C. §1132, requires that in any action by a fiduciary to enforce Section 515 of ERISA in which judgment is awarded in favor of the plan, "the court shall award the plan-

a.       the unpaid contributions;

b.       interest on the unpaid contributions;

c.       an amount equal to the greater of interest on the unpaid contributions, or liquidated damages provided for under the plan in an amount not in excess of 20 percent...of the amount determined by the court under subparagraph (a);

d.       reasonable attorneys' fees and costs of the action, to be paid by the defendant, and

e.       such other legal or equitable relief as the court deems appropriate."

30.    Defendant Edge Development and Construction, Inc.'s failure to remit contributions to the Funds for the period May 5, 2002 through February 16, 2005, and its failure to pay interest, liquidated damages, attorneys' fees and costs and the arbitrator's fee constitutes a breach of the terms of the CBA and the Plans' Trust Agreements and a violation of Section 515 of ERISA.

31.    As a result of this failure, Defendant Edge Development and Construction, Inc. is liable to the Plaintiffs for unpaid contributions, interest, liquidated damages, attorneys fees and costs and the arbitrator's fees, plus ongoing interest on the total award amount at the rate of ten percent (10%) per annum from October 14, 2006 until the date payment is received.

10

### THIRD CAUSE OF ACTION

Plaintiffs repeat and re-allege the allegation set forth in paragraphs 1 through 31 above, as though set forth in full herein.

32.    By failing to abide by the terms of the Award, Defendant Edge Development and Construction, Inc. breached its obligations under the labor agreement in violation of LMRA Section 301, 29 U.S.C. Section 185.

33.    As a result of this failure, Defendant Edge Development and Construction, Inc. is liable to the Plaintiffs under the Arbitration Award and Plaintiff seeks timely confirmation and enforcement of the Arbitration Award for unpaid contributions, interest, liquidated damages, attorneys fees and costs and the arbitrator's fees, plus interest on the total award amount at the rate of ten percent (10%) per annum from October 14, 2006 until the date payment is received.

### FOURTH CAUSE OF ACTION

Plaintiffs restate and re-allege the allegations set forth in paragraphs 1 to 33 of the Complaint, as though set forth in full herein.

34.    As the individual who signed the collective bargaining agreement on behalf of Edge Development and Construction, Inc. agreeing to be personally bound by and assume all obligations of the Employer provided in the agreement, J.A. "Drew" Diaz in his personal and individual capacity is jointly and severally liable to the Plaintiffs for the obligations of Edge Development and Construction, Inc., including the Arbitration Award which awards Plaintiffs for unpaid contributions, interest, liquidated damages, attorneys fees and costs; and the arbitrator's fees, plus interest on the total award amount at the rate of ten percent (10%) per annum from October 14, 2006 until the date payment is received.

11

PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that the Court enter a judgment:

a.       Declaring that Defendants are required to pay and holding them jointly and severally liable to the Plaintiffs for all damages set forth in the Award, including but not limited to the unpaid Benefit Fund contributions for the period May 5, 2002 to February 16, 2005 totaling $28,150.91; liquidated damages; $1,685.95 in statutory interest; $2,436.00 in dues and PAC contributions due; $7,131.56 in audit costs; $700.00 in legal costs; $1,100.00 in arbitration costs and interest at the rate of 10% per annum accruing from the date of the award on the total award amount; and

b.       Confirming and entering judgment upon the Award of Arbitrator Robert Herzog, dated October 14, 2006, in all respects; and

c.       Granting such other further legal and equitable relief as this Court may deem just and proper

Dated:  October 10, 2007

By: _____

Haluk Savci,Esq.(HS-0853)
Mason Tender District Council
520 8th Avenue, Suite 650
New York, N.Y. 10018
(212)452-9407
hsavci@masontenders.org


Attorney for the Plaintiffs

12